Dear Mr. Rester:
We are in receipt of your letter requesting an opinion regarding reapportionment. Specifically, you asked:
 Whether the inmates at Washington Correctional Institute are to be included or excluded when working on reapportionment lines?
 Local government reapportionment is required under the provisions of R.S. 33:1411 as follows:
 "A. All parish governing authorities the form of government of which provides for the election of all or part of its members from wards, districts or other subdivisions shall within six months after the official release of every decennial census, examine the apportionment plan of its body to determine if there exists any substantial variation in the representation of the election districts. After this examination the body shall by ordinance adopted by a majority of the members thereof, either declare its apportionment to be equitable and continue its existing apportionment plan or provide for a new apportionment plan.
 B. If reapportionment be necessary it shall be made effective at the end of the term of the incumbent officials.
 C. The boundaries of any election district for a new apportionment plan from which members of the parish governing authority are elected shall contain the whole election precincts established by the parish governing authority under R.S. 18:532 or 532.1."
The Bureau of the Census of the United States Department of Commerce has provided for 1990 population and housing counts in the provisions of Public Law 94-171. Appendix D. Collection and Processing Procedures of Public Law 94-171, attached for your review, provides the following:
 "Person in Institutions — Persons under formally authorized, supervised care or custody, such as in federal or state prisons; local jails; federal detention centers; juvenile institutions; nursing, convalescent, and rest homes for the aged and dependent; or homes, schools, hospitals, or wards for the physically handicapped, mentally retarded, or mentally ill, were counted at these places." (Emphasis Added.)
An information specialist for the U.S. Census Bureau stated that it is ironclad procedure that prisoners are counted where they are located.
The Louisiana Election Code provides for the tabulation of population for legislative reapportionment in R.S. 18:1906. Specifically, section 1906 provides:
 "In accordance with Article III, Section 6(A) of the Constitution of Louisiana, the tabulation of population for each decennial census on the basis of which the legislature shall reapportion the representation in each house shall be the tabulation of population reported and transmitted by the United States Bureau of the Census to the governor and the legislature within one year after the census date, under the provisions of Public Law 94-171. Such tabulation of population shall be the sole basis for the establishment of legislative districts, and no other or subsequent tabulation of population shall be considered or utilized in such reapportionment."
As stated above, the "tabulation of population shall be the sole basis" for reapportioning legislative districts. The Code provides a time frame for local reapportionment and provides sanctions for failure to meet such time frame at R.S. 18:1922 and 1923. Under these provisions for "Local Reapportionment", the Code does not specify that local reapportionment shall be based solely on the tabulation of population by the Census Bureau as stated above for legislative reapportionment. However, it is logical to reapportion local districts on the same basis as legislative districts.
In conclusion, since prisoners are included in the tabulation of population for the State of Louisiana where they are located, the Washington Parish Police Jury shall include the inmates at Washington Correctional Institute when working on their reapportionment lines.
If I can be of further assistance, please advise. the governing body as hereinafter provided, the city of New Orleans excepted. The municipal governing authority shall furnish the registrar of voters, of the affected area, a copy of all municipal ordinances annexing territory as well as a map and written description of all newly annexed territory."
Louisiana law provides the procedures for enlarging the limits and boundaries of incorporated municipalities in R.S. 33:172 et. seq. (a copy is enclosed for your review). R.S. 33:178 requires a description of a boundary change of the municipality to be filed with the clerk of court within ten days after the adoption of the ordinance. Because there has been no ordinance enlarging the boundaries of the incorporated Village of Choudrant, it is the opinion of this office that the boundary lines of the village shall be those contained in the original filing in 1952.
In conclusion, the "accepted lines" you refer to are not the legal boundary lines of the Village of Choudrant and, therefore, can not be used for the special election on the Fire Protection Proposal. The boundary lines contained in the original filing shall be used for the special election on July 13, 1991 and for any future elections until such time that annexations are made within the guidelines of the law.
If I can be of further assistance, please advise.
Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: ANGIE ROGERS LaPLACE Assistant Attorney General